UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff - Appellee,<br><br>  v.<br><br>GUALBERTO BAHENA-CARRENO,<br><br>          Defendant - Appellant. | No. 11-50160<br><br>D.C. No. 3:10-cr-01915-JAH<br>Southern District of California,<br>San Diego<br><br><br>ORDER |

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

We replace the memorandum disposition, filed January 27, 2012, with a new memorandum disposition filed contemporaneously herewith. As amended, Gualberto Bahena-Carreno's petition for panel rehearing is denied. No further petitions for rehearing shall be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>GUALBERTO BAHENA-CARRENO,<br><br>Defendant - Appellant. | No. 11-50160<br><br>D.C. No. 3:10-cr-01915-JAH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted January 17, 2012[**]

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Gualberto Bahena-Carreno appeals from the 36-month sentence imposed

following his guilty-plea conviction for attempted entry after deportation, in

violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

we affirm.

Bahena-Carreno contends that the district court erred in denying a downward departure for cultural assimilation because the court misapplied the parameters for granting a departure and relied on clearly erroneous facts. The record reflects that Bahena-Carreno did not request a downward departure for cultural assimilation.

The record is clear that the court entertained Bahena-Carreno's arguments as part of its consideration of the 18 U.S.C. § 3353(a) sentencing factors, granted a downward variance based on the staleness of Bahena-Carreno's prior conviction, and explained why a further variance was not warranted. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Bahena-Carreno also contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the section 3553(a) sentencing factors, the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**